IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

EUGENE DAYTON PRINGLE, Jr.

    Plaintiff,

vs.

ASSESSOR EVA L I ARCE, *et al.*,

    Defendants.

Case No. 1:20-cv-01323-CL

**OPINION AND ORDER**

AIKEN, District Judge:

This matter comes before the Court on plaintiff Eugene Dayton Pringle's "Complaint AND Motion for TRO," doc. 1, which the Court interprets as a combined complaint and motion for a temporary restraining order ("TRO"). For the reasons discussed below, plaintiff's motion for a TRO is DENIED.

### STANDARDS

The same general legal standards govern temporary restraining orders and preliminary injunctions. Fed. R. Civ. P. 65; *New Motor Vehicle Bd. of Cal. v. Orrin*

*W. Fox Co.*, 434 U.S. 1345, 1347 n.2 (1977). A preliminary injunction is an "extraordinary remedy to may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Natural Res. Def. Council*, 555 U.S. 7, 22 (2008). A plaintiff seeking such relief generally must show that: (1) he or she is likely to succeed on the merits; (2) he or she is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his or her favor; and (4) that an injunction is in the public interest. *Id.* (rejecting the Ninth Circuit's earlier rule that the mere "possibility" of irreparable harm, as opposed to its likelihood, was sufficient, in some circumstances, to justify a preliminary injunction). A preliminary injunction may also be granted "if there is a likelihood of irreparable injury to plaintiff; there are serious questions going to the merits; the balance of hardships tips sharply in favor of the plaintiff; and the injunction is in the public interest." *M.R. v. Dreyfus*, 697 F.3d 706, 725 (9th Cir. 2012).

## DISCUSSION

Plaintiff seeks a TRO against the "Josephine County Tax Assessor / Collector," defendant Eva Arce, "to prevent foreclosure action for non payment" of his property taxes. Doc. 1 at 21.

The Complaint alleges that, in 2014, plaintiff purchased real estate at "4700 Demaray Drive" in Josephine County, Oregon. Doc. 1 at 3. In 2018, plaintiff began sending documents to the Josephine County Assessor and Tax Collector expressing his belief that the Oregon Legislature and Josephine County had no authority to levy a tax on the property and refusing to pay any until the County provided proof of its

authority to do so.  Doc. 1 Exs. 1–6.  The Complaint also alleges that, in August 2019, plaintiff "paid under protest the alleged property taxes due for 2015 in the amount of $1,369.47 in order to avoid foreclosure."  Doc. 1 at 4–5; *id.* at Ex. 7.  In May 2020, plaintiff received a "NOTICE OF DELINQUENT PROPERTY TAXES" from the County which informed him that the taxes he owes for the 2016 tax year "are subject to foreclosure if not paid by 6/16/2020."  Doc. 1 Ex. 8.  Although the Complaint suggests that plaintiff has not paid those taxes, there are no allegations or exhibits suggesting that the County has begun foreclosure proceedings.

The precise nature of plaintiff's claims is unclear, but he appears to assert that the County cannot tax his property for three reasons.  First, he asserts that the property taxes assessed by Josephine County violate the "uniformity" requirements of Article I, Section 32 and Article IX, Section 1 of the Oregon Constitution.[1]  Plaintiff's filings do not explain how the County's property taxes on real estate violate either constitutional provision.  Second, he appears to assert that he is not a "person" within the meaning of ORS 311.605 because he is a "natural man."  Compl. at 19 ORS 311.605 provides that "'person' includes any individual, firm, copartnership, company, association, corporation, estate, trust, trustee, receiver, syndicate, or any group or combination acting as a unit."  Plaintiff asserts that, under the principle of *ejusdem generis*, that definition limits the term "person" "to the artificial entity class and does not include the people."  Compl. at 20.  He seems to reason that, because

---

[1] Article I, Section 32 requires that "all taxation shall be uniform on the same class of subjects within the territorial limits of the authority levying the taxes" and Article IX, Section 1 requires that "[a]ll taxes shall be levied and collected under general laws operating uniformly throughout the State."

Page 3 – OPINION AND ORDER

firms, copartnerships, associations, corporations, estates, trusts, trustees, receivers, and synidcates are either legal entities or legal roles, then "individual" must also refer to a legal entity or role. But that is not how the principle works. Oregon courts have explained that "[e]*jusdem generis* is an interpretive principle under which a nonspecific or general phrase that appears at the end of a list of items in a statute is to be read as referring only to other items of the same kind." *McLaughlin v. Wilson*, 365 Or. 535, 552 (2019) (internal quotation marks omitted). Here, "individual" is part of, and indeed *begins*, the list of specific items in ORS 311.605. Third, plaintiff asserts that the County cannot levy income taxes on his property but fails to offer any intelligible theory for how taxes on the property could constitute an income tax.

     Moreover, the Court cannot determine whether plaintiff even intended to assert claims in these filings. The Complaint asserts that "'Remonstrance' appears to be [plaintiff's] remedy at the Oregon Legislature" and that "[i]n the absence of such remedy, [plaintiff] reserves the right to file a Complaint in the District Court of the United States under the Fourteenth Amendment due to State action that violates petitioners fundamental right." Doc. 1 at 7. It is unclear whether plaintiff has pursued and exhausted his "Remonstrance" remedy before the Oregon Legislature to no avail and now asserts a claim for violation of his Fourteenth Amendment due process rights in this Court, or whether he filed the "Complaint AND Motion for TRO" simply to "reserve the right" to pursue the claim later. Additionally, the only arguable remedies that the Complaint appears to seek are (1) certification of questions of law to the Oregon Supreme Court and (2) a TRO preventing Arce from foreclosing on his

property. Doc. 1 at 19–22. Certification of questions of law to the Oregon Supreme Court is a process through which federal courts may ask the Oregon Supreme Court to answer a case-determinative question of Oregon law that does not appear to be controlled by existing Oregon appellate court precedent, not a remedy. And a TRO is a preliminary remedy aimed at maintaining the status quo and preventing irreparable harm until the Court holds a hearing to determine whether a preliminary injunction is appropriate.

Having reviewed plaintiff's Motion for TRO and related filings, the Court finds that plaintiff has not established a likelihood of success on the merits or even serious questions going to the merits of his claims, that he is likely to suffer irreparable harm in the absence of a TRO, that the balance of the equities tips in his favor, or that an injunction is in the public interest.

## CONCLUSION

For the reasons above, plaintiff's TRO Motion (doc. 1) is DENIED.

IT IS SO ORDERED.

Dated this  11th  day of August 2020.

                             /s/Ann Aiken

                               Ann Aiken
                  United States District Judge